UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA            CRIMINAL ACTION

VERSUS            No. 13-CR-2

THADDEUS RICHARDSON            SECTION I

## ORDER

Before the Court is defendant Thaddeus Richardson's motion[1] to reopen his 28 U.S.C. § 2255 petition. Because this Court concludes that Richardson's motion is really a second or successive petition that must be certified by the Fifth Circuit before it may be considered by this Court, *see* 28 U.S.C. § 2255(h), this Court dismisses the motion without prejudice because it lacks jurisdiction to consider the motion.

I.

Richardson pleaded guilty in 2013 to possessing heroin with intent to distribute as well as possession of a firearm in furtherance of a drug trafficking crime. R. Doc. No. 53, at 35. Richardson's plea agreement included a waiver of collateral relief. R. Doc. No. 29, at 3. This Court sentenced Richardson to a 78 month term of imprisonment.

Notwithstanding Richardson's waiver of collateral relief—a waiver that was explained to him at the rearraignment, R. Doc. No. 53, at 22—Richardson filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. R. Doc. No. 48. This Court dismissed the § 2255 petition with prejudice. R. Doc. Nos. 69, 70. The Fifth

---

[1] R. Doc. Nos. 83, 87.

Circuit denied Richardson's motion for a certificate of appealability. *See United States v. Richardson*, No. 14-31421 (5th Cir. 2015).

Richardson now petitions to reopen his § 2255 proceedings. Richardson claims that reopening is justified in light of recent allegations that DEA Agent Chad Scott ("Scott") engaged in misconduct. Richardson supports his petition with newspaper articles discussing Scott, R. Doc. No. 83-1, at 2-15; R. Doc. No. 87-4, at 2-10, as well as affidavits from both his wife and himself, discussing various misdeeds by Scott. R. Doc. No. 83-1, at 16-23.

## II.

Richardson's petition claims to be filed pursuant to both Rule 52 of the Federal Rules of Criminal Procedure and Rule 60 of the Federal Rules of Civil Procedure. Neither rule is a proper vehicle for presently seeking relief in this Court.

Rule 52 of the Federal Rules of Criminal Procedure governs appellate review of criminal proceedings. It does not provide a basis for collaterally attacking Richardson's already-final criminal conviction. *See United States v. Parsee*, No. 97-81, Dkt. 192, at 3 (E.D. La. 2013) ("[Defendant] now purports to seek relief under Federal Rule of Criminal Procedure 52(b). However, this rule does not give this court jurisdiction to vacate [defendant]'s long-final conviction." (footnote omitted)).[2]

---

[2] The Court notes that this result would not change were it to construe Richardson's motion as a motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure. The news articles discussing Scott are "an insufficient basis on which to grant a new trial." *United States v. Brumfield*, No. 16-11463, 2016 WL 7385532, at *6 (E.D. La. 2016). Likewise, Richardson's affidavits do not provide an alternative basis for a Rule 33 motion. Richardson's affidavits reflect that both Richardson and his wife were long aware of the vast majority of the alleged misconduct by Scott in

Accordingly, Richardson must rely on Rule 60 of the Federal Rules of Civil Procedure to bring his challenge.

But this Court lacks jurisdiction to consider Richardson's Rule 60 challenge. "In order to prevent conflicts between the strict limitations in AEDPA on second-or-successive habeas petitions and the more lenient restrictions" on post-judgment motions in the Federal Rules of Civil Procedure, a court must review post-judgment motions "to determine whether they are, in fact, second-or-successive habeas petitions in disguise." *In re Jasper*, 559 F. App'x 366, 370-71 (5th Cir. 2014). That requirement applies regardless of how a motion is styled. *See, e.g.*, *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004).

Post-judgment motions "that ask[] the district court for an opportunity to offer facts that (in the petitioner's view) will prove that his conviction" must be vacated constitute second or successive petitions. *In re Jasper*, 559 F. App'x at 371. Richardson's post-judgment motion asks this Court to consider evidence not raised in his original § 2255 petition because he believes that the new evidence provides an additional ground for vacating his conviction. Therefore, Richardson's petition raising a new ground for post-conviction relief constitutes a second-or-successive petition. *See, e.g.*, *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) ("A motion that seeks to add a new ground for relief . . . will of course qualify" as a successive petition.).

---

Richardson's case, *see* Doc. No. 83-1, at 16-23, and therefore such alleged misconduct cannot constitute newly discovered evidence. Thus, any Rule 33 motion based on the affidavits is necessarily untimely. *See* Fed. R. Crim. P. 33(b)(2) ("Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.").

Because Richardson's petition constitutes a second or successive § 2255 petition, this Court lacks jurisdiction to consider it in the first instance. *See* 28 U.S.C. § 2255(h). As Richardson has already filed a motion for authorization with the Fifth Circuit, *see United States v. Richardson*, No. 17-30019 (5th Cir. 2017), this Court declines to transfer the instant motion to the Fifth Circuit, *see In re Hartzog*, 443 F. App'x 63, 65 (5th Cir. 2011) ("If a second or successive section 2255 motion is filed in the district court before leave of this Court has been obtained, the district court may either dismiss the motion for lack of jurisdiction, or it may transfer the motion to this Court."). The motion will be dismissed without prejudice.

Accordingly,

**IT IS ORDERED** that the motion is **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, March 1, 2017.

                                      **LANCE M. AFRICK**
                                **UNITED STATES DISTRICT JUDGE**